STATE

v.

**Edward NOTARANTONIO.**

**No. 92–29–C.Appeal.**

Supreme Court of Rhode Island.

March 23, 1993.

Jeffrey Pine, Attorney General, Aaron Weisman, Asst. Attorney General, and David Prior, Special Asst. Atty. Gen., for plaintiff.

Randy Olen, Narragansett, John F. Cicilline, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument March 3, 1993, pursuant to an order that had directed the defendant, Edward Notarantonio, to appear before the court and show cause why the issues raised in this appeal should not be summarily denied and dismissed.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. The defendant raised a number of issues in support of his appeal. We shall consider these issues in the order of their significance to this opinion.

## I

### THE READING BY THE TRIAL JUSTICE OF THE DIARY OF THE COMPLAINING WITNESS

■ The defendant argues that the trial justice should have granted a mistrial because she read a diary written by the complaining witness that had been offered in evidence by the prosecution as a prior consistent statement to rebut charges that her testimony constituted a recent fabrication. After reading the diary, the trial justice ruled that it was inadmissible. The defendant argues that the contents of the diary were so prejudicial that the trial justice was unable to render a fair and impartial decision in this jury-waived case after having read it.

This argument is entirely without merit. The basic assumption upon which the adversary judicial system is based is the ability of a trial justice to read or examine material necessary in order to rule on evidentiary matters. Such material may include confessions in order to determine their voluntariness. It may also include examination of illegally obtained evidence in order to determine admissibility and extensive evidentiary voir dire in order to determine relevance or competence of offered testimony. It has long been a presumption of law that a trial justice, unlike a jury, can disregard prejudicial material if and when he or she determines that material to be inadmissible.

To suggest that the experienced trial justice in this case would be incapable of rendering a fair and impartial decision in the case after having read a diary that she later determined to be inadmissible has no support either in logic or in precedent. It is undisputed in this case that defendant agreed to a jury-waived trial. Consequently the trial justice was the arbiter of both law and fact. In response to the motion for mistrial, the trial justice specifically declared that her decision would not be affected by the reading of the diary and that she would ignore the contents of the writings. We see no reason not to accept the express finding of the trial justice on this issue.

## II

### RULE 16 VIOLATION

■ The defendant argues that the state violated Rule 16 of the Superior Court

Rules of Criminal Procedure by offering the diary in the first place. The short answer to this argument is that the trial justice's ruling that the diary was inadmissible was ample vindication of any Rule 16 violation that may have occurred. No other remedy was necessary.

## III

### OTHER EVIDENTIARY VIOLATIONS

The defendant argues that the trial court erred in admitting evidence of bad character of an adverse witness called by the state and also in allowing the investigating detective to testify concerning the complaining witness's condition and credibility at the time of his interview.

We are of the opinion that in this jury-waived case any of the evidentiary errors cited by defendant were harmless. Most of our rules of evidence relating to bad character of a witness or bolstering of the credibility of the witness are designed to protect jurors from being misled by testimony that may be improperly assessed by untrained lay persons. In the case at bar the trial justice was quite competent and qualified to separate the evidentiary wheat from the chaff.

## IV

### QUANTUM OF EVIDENCE

Although not specifically challenged by the defendant on appeal, the evidence in the case amply supported the trial justice's finding of guilt beyond a reasonable doubt of sexual assault in the second degree in violation of G.L.1956 (1981 Reenactment) § 11–37–4, as amended by P.L.1986, ch. 191, § 1.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.